**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RITA HELEN HIDAYAT and MARIO SUCONGGA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 05-70802 <br><br> Agency Nos.   A096-362-895 <br>                 A095-618-069 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Rita Helen Hidayat and her husband, Mario Sucongga, natives and citizens

of Indonesia, petition for review of the Board of Immigration Appeals' orders

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

Petitioners fail to raise any substantive challenge to the denial of their CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

The record does not compel the conclusion that petitioners filed their asylum application within a reasonable period of time after any extraordinary circumstances. *See* 8 C.F.R. § 1208.4(a)(5); *Husyev*, 528 F.3d at 1181-82. Accordingly, we deny the petition as to the asylum claim.

Substantial evidence supports the agency's determination that petitioners did not experience harms in Indonesia amounting to past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (being beaten by youths, robbed of sandals and pocket money, and accosted by a threatening mob did not compel a past persecution finding). However, because the agency did not have the benefit of our recent decisions in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), and *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009), we remand for the agency to assess petitioners' withholding of removal claim under the disfavored group

analysis in the first instance. *See Tampubolon*, 610 F.3d at 1062; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**